NEVADA INDUSTRIAL COMMISSION, APPELLANT, v. SYLVIA UNDERWOOD, RESPONDENT.

No. 4636

December 20, 1963                          387 P.2d 663

*William J. Crowell,* of Carson City, for Appellant.

*Goldwater, Taber and Hill,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Action was brought against the Nevada Industrial Commission to recover death benefits allegedly due the surviving widow and three minor children of Robert Underwood. Following a pre-trial conference, at which

an agreed statement of facts was reached, the case was submitted for decision without trial. The sole question presented was whether the plaintiffs had irrevocably waived their rights to compensation under the laws of Nevada. NRS 616.530(1).[1] The lower court found that a waiver did not occur and entered judgment for the plaintiffs. The Commission appeals.

Robert Underwood was employed by Holmes Construction Company, a subcontractor of Morrison-Knudson Company who had been engaged to perform highway construction work near Austin, Nevada. Each company had accepted the terms and provisions of the Nevada Industrial Insurance Act. Employees of Holmes Construction were also covered under the Workmen's Compensation Law of Idaho.

Underwood was hired in Idaho. He was an equipment operator. The performance of his employer's subcontract in Nevada was to require about six weeks. On August 17, 1957 Underwood boarded his employer's private plane at Austin, Nevada, destination Hayburn, Idaho. The purpose of the trip was to get equipment from the shop at Hayburn for use on the Nevada job. Enroute to Hayburn mechanical trouble developed. The plane was forced to land at Lucin, Utah. Underwood alighted from the plane before its propeller stopped. He apparently walked into the path of the rotating propeller and was instantly killed. The parties to this case agree that his death arose out of and in the course of his employment. NRS 616.520.[2]

A claim for benefits was first presented to the Nevada Industrial Commission and rejected. Subsequently a

[1]NRS 616.530(1) reads: "1. If an employee who has been hired or is regularly employed in this state receives personal injury by accident arising out of and in the course of such employment outside this state, and he, or his personal or legal representatives, dependents or next of kin shall commence any action or proceeding in any other state to recover any damages or compensation on account of such injury or death from such employer, the act of commencing such action or proceeding shall constitute an irrevocable waiver of any and all compensation on account of such injury or death to which persons would otherwise have been entitled according to the laws of this state."

[2]NRS 616.520 reads: "1. If an employee who has been hired or is regularly employed in this state, receives personal injury by accident arising out of and in the course of such employment outside of

claim was presented to the Industrial Accident Board of Idaho. Following this event the workmen's compensation carrier for Holmes Construction Company commenced paying the death benefits provided for by Idaho law. These payments were "voluntary" in the sense that they were made in the absence of either a formal award by the Idaho Industrial Accident Board or court adjudication. The insurance carrier and the claimant agreed that the latter reserve her rights to claim death benefits under the Nevada Industrial Insurance Act. The Idaho payments have continued and, in addition, the plaintiffs have obtained a Nevada judgment (from which this appeal is taken) ordering the Nevada Industrial Commission to pay the death benefits provided for by Nevada law.

In general terms this appeal puts into focus the successive award problem in workmen's compensation law. Here the employee was hired in Idaho, regularly employed in Nevada, and accidentally killed in Utah. A statute of more than one state may apply to a single compensable injury, so long as each state has a relevant interest. 2 Larson, Workmen's Compensation Law, Sec. 85.00, p. 358. Idaho's interest arose from the fact that Underwood was hired there. 11 Idaho Code § 72–615; Alaska Packers Assoc. v. Industrial Accident Commission, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044. Nevada's interest flows from that part of NRS 616.520 (regarding accidents outside the state) which provides compensation for the injured employee (or his dependents in case of death) when "regularly employed" in this state.

In the absence of contravening statutory provision purporting to bar a second recovery, successive awards are permissible. Industrial Commission v. McCartin, 330

---

this state, he, or his dependents in case of his death, shall be entitled to compensation according to the law of this state, and such compensation shall be the exclusive remedy of such employee or dependents.

"2. The provisions of this section shall apply only to those injuries received by the employee within 6 months after leaving this state, unless prior to the expiration of such 6-month period the employer has filed with the commission notice that he has elected to extend such coverage a greater period of time."

500

U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140, 169 A.L.R. 1179 (where a prior Illinois award did not preclude a later Wisconsin award because there was nothing in the Illinois statute designed to bar additional recovery in another state) ; 1948 amend. Restatement, Conflict of Laws § 403. As a general rule the amount paid on the first award will be credited on the second, in accord with an underlying policy that a claimant is entitled to no more than the highest compensation allowed by any single state having an applicable statute.

Our study of Idaho law in effect when the present claim arose does not disclose a provision designed to bar additional recovery under the laws of another state.[3] It is settled that the "exclusive remedy" clause commonly present in statutes governing workmen's compensation (see NRS 616.370 and NRS 616.520; 11 Idaho Code § 72–203) is exclusive only in the sense that no other common law or statutory remedy *under local law* may be sought. Industrial Commission v. McCartin, supra. That clause alone does not bar a foreign proceeding. Though Idaho law does not bar the present proceeding in Nevada, the Nevada Industrial Commission urges that Nevada law, NRS 616.530(1) affords a complete defense to the case, which the lower court should have respected. We turn to discuss this central issue.

In short, NRS 616.530(1) provides that "the act of commencing an action or proceeding" in another state to recover damages or compensation, shall constitute an "irrevocable waiver" of any and all compensation in Nevada. The terms "action" and "damages" apparently refer to a common law action for damages in another state. NRS 616.050. Such an action was not commenced

[3] In 1955 Nevada adopted such a provision. NRS 616.525. It purports to forbid a second recovery under the laws of another state by one who has first accepted compensation or benefits under the Nevada Industrial Insurance Act. Presumably, this provision and NRS 616.530 came about because of the United States Supreme Court opinions in Industrial Commission v. McCartin, supra, and its predecessor Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149, 150 A.L.R. 413.

in Idaho. The terms "proceeding" and "compensation" presumably refer to a proceeding to recover the money allowance payable under the workmen's compensation law of another state. NRS 616.045. Whether such a "proceeding" occurred in this case is the point we must determine. It is the position of the Commission that, by filing a claim for benefits with the Industrial Accident Board of Idaho, a proceeding to recover compensation was commenced and an irrevocable waiver of Nevada compensation resulted therefrom. Opposing this position is the claimants' argument that the Idaho payments were "voluntarily" made, with an express reservation of rights to claim death benefits under Nevada law; that there was no award by the Idaho board; that the cases concerning successive awards are not applicable. They urge that the prohibition of NRS 616.530(1) does not touch these circumstances.[4] Our attention is especially called to Cline v. Byrne Doors, 324 Mich. 540, 37 N.W.2d 630, 8 A.L.R.2d 617; Industrial Exchange v. Industrial Accident Commission, 80 Cal.App.2d 480, 182 P.2d 309; Miller v. National Chair Co., 19 N.J.Misc. 275, 18 A.2d 847, affirmed 127 N.J.S. 414, 22 A.2d 804; Annot., 8 A.L.R.2d 628. In each case it was held that a voluntary payment in one state did not bar a subsequent claim in another, though prior payments would be credited to the later award.[5] Yet, close examination of those cases shows that the state to which the later application was made did not have a statute similar to Nevada's irrevocable waiver law. Accordingly, their effect upon the resolution of the point before us is considerably diminished, if not eliminated entirely. Here we are faced with a legislative declaration of policy that was not present in the Cline, Industrial Exchange and Miller cases.

Though it may be argued (as, indeed, the claimants-respondents do contend) that a careful dissection of the

[4]Plaintiffs do not contend that the reservation of rights to proceed in Nevada avoids the prohibition of the statute, if it is otherwise applicable.

[5]"Voluntary payment" in this context means the payment of compensation by agreement of the parties and in the absence of a formal award by the state industrial commission or a court.

Idaho compensation act will show that a "proceeding for compensation" was not commenced there,[6] a contrary position is equally tenable. In the final analysis, our task is to accord appropriate significance to the policy of Nevada as declared in its legislative enactment.

We find no other state with a statute identical to NRS 616.530. Its apparent purpose is to compel a claimant to elect between proceeding in Nevada or in any other state. It assumes two coexisting remedial rights, cf. McColl v. Scherer, 73 Nev. 226, 315 P.2d 807, and has application only where a claimant is entitled to compensation under the laws of more than one state.[7] The forced election is designed to assure those who contribute to the Nevada "State Insurance Fund," NRS 616.430 (and who also pay premiums in another state to provide compensation for the same occurrence), that an employee, or his dependents, shall receive compensation from one state only. In the legislative scheme it is the counterpart of NRS 616.525 to which we have heretofore referred. Though some may think the legislative purpose severe in application (preferring as a policy the idea that the claimant

[6]Claimants primarily rely on 11 Idaho Code § 72–402. It reads: "No proceedings under this act for compensation for any injury shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident; or, in the case of death, then within one year after such death, whether or not a claim had been made by the employee himself for compensation. Such notice and such claim may be made by any person claiming to be entitled to compensation or by some one in his behalf. If payments of compensation have been made voluntarily the making of a claim within said period shall not be required." Claimants construe this language to mean that the mere filing of a claim followed by voluntary payments does not amount to the commencement of a proceeding under Idaho law, in the absence of some further action, such as the request for a hearing. Such a construction would lead to the incongruous result that a request for a board hearing following the carrier's denial of a claim would be an irrevocable waiver, while filing a claim and receiving benefits would not be a waiver of rights under Nevada law.

[7]If a claimant commenced a proceeding, or an action for damages in another state, but was denied compensation by a final board or court determination, NRS 616.530 could not be invoked to bar compensation in Nevada.

should be permitted to obtain the highest compensation allowed by any single state having an applicable statute, without penalty for having made application in another state), yet it is within its province to so provide. It is not within ours to interfere. We therefore conclude that the judgment below must be reversed and the cause dismissed.

BADT, C. J., and MCNAMEE, J., concur.