TAB CONSTRUCTION COMPANY, a Nevada Corpo-
ration, Petitioner, v. THE EIGHTH JUDICIAL
DISTRICT COURT OF THE STATE OF NEVADA,
Respondent.

No. 5285

September 26, 1967            432 P.2d 90

*Singleton, DeLanoy & Jemison,* of Las Vegas, for Petitioner.

*Wiener, Goldwater & Galatz,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Petitioner seeks a writ of prohibition to prevent the respondent court from proceeding with a civil action on the ground that the Nevada Industrial Insurance Act provides full and exclusive remedy, and thus, the respondent is without jurisdiction. Respondent does not dispute that Nevada law prohibits this civil suit, but urges that the lower court has jurisdiction to proceed because the action is based on Arizona law, that Arizona law is applicable and does not prohibit the suit.

On April 26, 1967 the petitioner, Tab Construction Company, a Nevada corporation, was the general contractor engaged in construction on the Bonanza Underpass in Las Vegas, Nevada. The Horizontal Boring and Tunnel, Inc., an Arizona corporation, was a subcontractor performing work for the petitioner on the Bonanza Underpass. Christopher J. Giacona, a resident of Arizona, and an employee of Horizontal Boring and Tunnel, Inc., while acting in the course and scope of his employment was injured, and incurred damages therefrom. He brought an action against Tab Construction alleging that negligent conduct on the part of certain employees of Tab Construction while acting in the course and scope of their employment caused the injury to him. Giacona also named as codefendants certain individual employees of the petitioner, Tab Construction.

At the date of the accident Tab Construction carried Nevada Industrial Insurance on behalf of all the employees of the subcontractor, Horizontal Boring and Tunnel, Inc., and they were eligible to receive any benefits therefrom. Tab filed a motion for summary judgment which was denied apparently on the ground that the law of Arizona applies. Arizona allows a common-law action against the general contractor in a workmen's compensation case. This, of course, is contrary to Nevada's statutory workmen's compensation scheme which prohibits common-law relief in this situation.

1. The Nevada Industrial Insurance Act provides that subcontractors and their employees shall be deemed employees of the principal contractor. NRS 616.085; Simon Service v.

Mitchell, 73 Nev. 9, 307 P.2d 110 (1957); Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1960). The petitioner therefore was subject to the provisions of the N.I.I.A., as was the non-objecting plaintiff employee, Giacona. NRS 616.285 and 616.295.

The N.I.I.A. provides that an employer, who accepts the terms of this act which provides compensation for employees, is relieved from further liability. NRS 616.270. Only if the employer fails to provide and secure compensation under this act is the employee allowed to bring an action at law. NRS 616.375.

Under NRS 616.370 the rights and remedies under the act are exclusive and conclusive on both the employer and the employee. Thus, under Nevada law the exclusive remedy provision in the N.I.I.A. is exclusive in the sense that no other common-law or statutory remedy under local law may be sought by the employee against his employer. Simon Service v. Mitchell, supra; Titanium Metals v. District Court, supra; Nevada Ind. Comm'n v. Underwood, 79 Nev. 496, 387 P.2d 663 (1963).

We observe that the State of Nevada has a legitimate constitutional interest in the application of its own domestic law and policy to a work injury occurring within its borders. Pacific Employers Ins. Co. v. Industrial Acc. Comm'n, 306 U.S. 493 (1939); Carroll v. Lanza, 349 U.S. 408 (1955).

The interest of Nevada in the instant case does not derive solely from the occurrence of the injury within its borders. Significant is the fact that it is the state of the forum. If the forum state is concerned, it will not favor the application of a rule repugnant to its own policies, and the law of the forum will presumptively apply, unless it becomes clear that non-forum incidents are of greater significance. Alaska Packers Ass'n v. Industrial Acc. Comm'n, 294 U.S. 532 (1935); Wilcox v. Wilcox, 133 N.W.2d 408 (Wis. 1965).

There are no compelling reasons to displace the domestic law and policies of Nevada. Nevada is the forum state, the place of residence of the general contractor, the place of the work injury, the place where employment exists and is carried

out, the place where the general contractor's business is localized, and the place the employees work. All of Nevada's relevant policies of workmen's compensation are vitally involved. We therefore must pay heed and give effect to this interest.

Under the confines of these facts we grant the petition for a writ of prohibition.

THOMPSON, C. J., and COLLINS, J., concur.