**Alfred ROMERO and Gloria J. Romero, Appellants,**

v.

**TEN EYCK–SHAW, INC., Appellee.**

**No. 21850.**

United States Court of Appeals
Ninth Circuit.

Aug. 28, 1968.

Rehearing Denied Sept. 23, 1968.

Certiorari Denied Jan. 13, 1969.

See 89 S.Ct. 629.

Lawrence Ollason (argued), of Mesch, Marquez & Rothschild, Hirsch, Van Slyke & Ollason, Tucson, Ariz., James E. Ordowski, Las Vegas, Nev., for appellants.

Derelle L. Norwood (argued), Morse & Graves, Las Vegas, Nev., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and CRARY, District Judge.*

* Honorable E. AVERY CRARY, United States District Judge, Central District of California, sitting by designation.

DUNIWAY, Circuit Judge:

This is an appeal from a decision of the United States District Court for the District of Nevada, which entered summary judgment for the defendant. Jurisdiction is based upon diversity of citizenship. We affirm.

Alfred Romero, one of the appellants, was injured while working on a construction project in Nevada. The appellee, Ten Eyck-Shaw, Inc., was the general contractor for the project. Romero alleges that Ten Eyck's negligence was the cause of his injuries. Romero was employed by Guy Apple Masonry Contractor, Inc., a citizen of Arizona and a subcontractor for Ten Eyck. There is some dispute as to whether the contract whereby Romero was hired by Guy Apple was made in Arizona or in Nevada. In the absence of a finding on this point by the district judge, and because we are reviewing a summary judgment against Romero, we will assume that, as Romero contends, the contract was made in Arizona. The contract between Ten Eyck and Guy Apple was orally agreed upon in Nevada. The written contract was signed by Ten Eyck in Texas, mailed to Guy Apple, and signed by Guy Apple in Arizona.

■ Under the workmen's compensation system of Nevada, subcontractors and their employees are deemed to be employees of the principal contractor. N.R.S. Sec. 616.085. An employee entitled to recover workmen's compensation in Nevada may not seek any other relief against his employer. N.R.S. Sec. 616.-270. Romero has been awarded $6,184.67 as medical benefits and compensation by the Nevada Industrial Commission. Therefore, if Nevada law is applicable, Romero has no cause of action against Ten Eyck. Tab Construction Co. v. Eighth Judicial Dist. Ct., 1967, 83 Nev. 364, 432 P.2d 90, and see Titanium Metals Corp. of Amer. v. Eighth Judicial Dist. Ct., 1960, 76 Nev. 72, 349 P.2d 444; Simon Service Inc. v. Mitchell, 1957, 73 Nev. 9, 307 P.2d 110.

Arizona's workmen's compensation plan is very similar to Nevada's. A.R.S. Sec. 23-902, subsec. B makes employees of sub-contractors employees of the general contractor for this purpose. Arizona also prevents a suit for damages at common law if the employee has not waived coverage under the Arizona Act before receiving his injuries. A.R.S. Sec. 23-906. Appellants do not reveal exactly why they believe that the application of Arizona law would give them a cause of action in this case. But see Tab Construction Co. v. Eighth Judicial Dist. Ct., supra, 83 Nev. at 365, 432 P.2d at 91. However, we need not decide what the effect of applying Arizona law in this situation would be because the district court correctly applied Nevada law.

■ The proper function of federal courts in diversity cases with respect to choice of law problems "is to ascertain what the state law is, not what it ought to be." Klaxon Co. v. Stentor Co., 1941, 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477. Here, that means the Nevada law, the law of the forum state. The recent decision of the Nevada Supreme Court in *Tab Construction Co.*, supra, on facts remarkably similar to this case, held that there was no compelling reason not to apply Nevada law. Relevant reasons cited by the court for applying Nevada law were that Nevada was the forum state, the place of residence of the general contractor, the place of the work injury, the place where the general contractor's business was localized, and the place where the employees worked. There are several ways in which the present case is similar. Here, as in *Tab Construction Co.*, the plaintiff employee was a citizen of Arizona and the subcontractor that employed him was an Arizona corporation. Here, as there, the general contractor was doing work in Nevada and complied with Nevada's workmen's compensation plan. Here, as there, Nevada is the forum state, the contract contemplated work there, the work was done there, and the injury occurred there. The principal difference is that Ten Eyck is a Texas corporation, not a Nevada corporation, and does not have its principal place of business in Nevada. Thus it is not a "resident" of Nevada.

In both cases, the general contractor's only connection with Arizona is that it hired an Arizona subcontractor. Here, it appears that the subcontract and Romero's contract were made in Arizona. Whether this was also true in *Tab Construction Co.* does not appear. We regard these differences as of minor significance. We find nothing in the Nevada decisions that convinces us that they would induce Nevada to apply Arizona law here. On the contrary, we think that here, as in *Tab Construction Co.*, "all of Nevada's relevant policies of workmen's compensation are vitally involved" (83 Nev. at 367, 432 P.2d at 92).

Nor does the full faith and credit clause require that Nevada apply Arizona law here. Generally, in workmen's compensation cases, either the state where the injury occurred, Pacific Employers Ins. Co. v. Industrial Accident Commission, 1939, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940; or the state where the employment contract was made, Carroll v. Lanza, 1955, 349 U.S. 408, 75 S.Ct. 804, 99 L. Ed. 1183; Alaska Packers Assoc. v. Industrial Commission, 1935, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044, may apply its own law. Nevada is the state where the injury occurred. We think that it may, and that it would, apply its own law here.

Affirmed.