PARADISE HOMES, a Corporation, Petitioner, v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, and HONORABLE JOSEPH S. PAVLI-KOWSKI, Judge Thereof, Respondents.

No. 6581

December 29, 1971                    491 P.2d 1277

*Lionel Sawyer Collins & Wartman,* of Las Vegas, for Petitioner.

*Beckley, De Lanoy & Jemison,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Petitioner Paradise Homes (defendant below) asks us to prohibit the respondent court from trying issues Nevada Savings and Loan Association (plaintiff below) has attempted to raise by a pleading styled "Second Amended and Supplemental Complaint—Action for Deficiency Judgment." Although a purported pleading is before the respondent court, a writ of prohibition may issue if the court is proceeding "without or in excess of jurisdiction." NRS 34.320 et seq; cf. Tab Constr. Co. v. District Court, 83 Nev. 364, 432 P.2d 90 (1967). Because plaintiff's "second amended and supplemental complaint" constitutes culmination of an attempt to enlarge plaintiff's rights through procedures not cognizable by our law, we therefore make permanent the alternative writ of prohibition hereinbefore entered.

In May, 1967, the plaintiff filed an action for "deficiency judgment" *before* a trustee's sale of the property securing petitioners' promissory note to the plaintiff. Contemporaneously, plaintiff recorded a "lis pendens" against property of the petitioner not covered by the deed of trust. Having thus invoked the respondent court's jurisdiction, the plaintiff caused nonjudicial trustee's sale of the security, purchasing the security for itself at a price resulting in a "deficiency." Then, the plaintiff filed a purported "amended complaint," alleging the completed trustee's sale and "deficiency." Thereafter, the plaintiff filed the so-called "second amended and supplemental complaint" that is challenged herein, setting up the aforementioned trustee's sale and resulting "deficiency." Under the latter pleading, plaintiff proceeded to attach property of petitioner that it had theretofore held under its "lis pendens."

It is clear that the plaintiff did not pursue the "one action for the recovery of any debt, or for the enforcement of any right secured by mortgage or lien upon real estate" which NRS 40.430 required to be "in accordance with the provisions of NRS 40.440 and 40.450." It is also clear that the plaintiff did not take itself outside the ambit of those statutes, by first causing a nonjudicial trustee's sale under the deed of trust, and thereafter seeking a deficiency judgment. Cf. Paramount Ins. v.

Rayson & Smitley, 86 Nev. 644, 472 P.2d 530 (1970); cf. Nevada Land & Mtge. v. Hidden Wells, 83 Nev. 501, 435 P.2d 198 (1967); cf. McMillan v. United Mortgage Co., 82 Nev. 117, 412 P.2d 604 (1966). Instead, the plaintiff has sought to pursue a hybrid course of action, contrary to the holdings of this court, to obtain advantages not contemplated thereby.[1]

The writ is made permanent.

----

[1] In *McMillan*, we said: "In the absence of a preclusive statute, two remedies are open on default to the holder of a secured promissory note. The debt may be enforced by a suit on the note, or by a sale of the land. At common law the creditor could pursue either remedy, or both at once." 82 Nev., at 119. Although we determined a suit on the note under NRS 40.430 did not preclude suit for deficiency after trustee's sale of the land, we expressly stated: "Once the security has been sold and the debt not satisfied, an action on the note . . . is permissible." 82 Nev., at 122. We also indicated "that the holder of a note, secured by trust deed, must first exhaust the security before an action on the note and ancillary attachment is permissible." 82 Nev., at 122.

In the *Nevada Land & Mtge.* case, we said "the remedies of a trustee's sale and a deficiency judgment cannot be pursued simultaneously," but that "a party can bring an action on the note for a deficiency judgment *after* the trustee sale." 83 Nev., at 504; emphasis in original.

Thus, we quite clearly stated that Nevada law permitted two actions only, not three or four, and not such blend of both as may be to the creditor's advantage.

(In 1969, our legislature enacted specific judicial safeguards for deficiency judgments after nonjudicial sales. NRS 40.457 et seq. In Holloway v. Barrett, 87 Nev. 385, 487 P.2d 501 (1971), we held such safeguards applicable to deeds of trust executed before their effective date but foreclosed afterward, leaving open the question of their applicability to foreclosures completed before their effective date. The instant case involves a situation of the latter type; however, the applicability of NRS 40.457 et seq. to it need not be decided.)