**CAMBRIDGE FILTER CORPORATION,**
Plaintiff,

v.

**INTERNATIONAL FILTER CO.,**
**INC., Defendant.**

**No. CIV–R–82–235–ECR.**

United States District Court,
D. Nevada.

Sept. 15, 1982.

Lawrence J. Semenza, Reno, Nev., Jeffrey J. Parish, Robert J. Yorio, San Francisco, Cal., for plaintiff.

William F. Alderman, San Francisco, Cal., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

This matter is before the Court on Plaintiff's motion for a preliminary injunction. Points and authorities, affidavits, transcripts of depositions and exhibits have been submitted. In addition, a hearing was held on July 20, 1982, during which oral testimony was given.

Ralph E. Menser, who is not a party to this action, was employed by Plaintiff from July 1975 until the end of March 1982. His activities were concentrated in sales; first as a salesman, then as a regional sales manager, and finally as national sales manager of custom air filter products used by disk drive manufacturers in the computer industry. About two weeks after he left Plaintiff, Menser contacted Defendant. Defendant competes with Plaintiff in the air filter

business. Menser signed an independent contractor's (manufacturer's representative) agreement with Defendant on May 26, 1982.

The complaint charges Defendant with wrongful use of misappropriated trade secrets, interference with prospective economic advantage and unfair competition. Plaintiff filed a complaint against Menser in the U. S. District Court for the Northern District of California eleven days before the filing of the complaint in the instant action. The defendant herein, International Filter Co., is not a party to that litigation. The two complaints are virtually identical, except that claims of breach of contract and breach of fiduciary duty are alleged against Menser in the California action; those two claims for relief are not made against Defendant herein.

Plaintiff contends that it is suffering irreparable injury because Menser and Defendant are competing with Plaintiff for sales of air filter products, while Menser possesses confidential information concerning Plaintiff's customers (and their specific requirements), products, costs, prices, marketing plans, designs, engineering and manufacturing processes.

While employed by Plaintiff, Menser executed an employment agreement which provided that all information received by Menser concerning Plaintiff's business, which information was not public knowledge, should be deemed Plaintiff's exclusive property and a trade secret. Menser promised not to reveal such information to others nor to use it himself, either during or after his employment with Plaintiff.

The same employment agreement contains Menser's agreement not to compete with Plaintiff via sales activities within the same geographic area in which he operated as Plaintiff's employee. The promise was to remain in effect, according to its terms, for a period of twelve months after Menser left Plaintiff's employ. Defendant has been aware, at all times material, of this non-competition agreement between Menser and Plaintiff.

In calling on the trade, Menser has identified himself as vice-president for marketing of Defendant. In addition, he has been given an option to purchase some of Defendant's stock. Further, Defendant is paying Menser's legal expenses in the California litigation. Otherwise, Menser's compensation from Defendant is strictly commission, as he sells Defendant's products. As of the date of the hearing (July 20, 1982), Menser had sold none of Defendant's air filter products, although he has solicited orders for such business.

Defendant's Vice-President and Secretary, Boyd F. Agnew, testified that he has been calling on disk drive manufacturers (there are fifty or sixty of them) for years, including those who are Plaintiff's customers. He also stated that Menser has provided no confidential or trade secret information of Plaintiff to Defendant, and that no such information has been or will be requested from Menser. Mr. Agnew revealed that trade and other publications (e.g., the yellow pages of the telephone book) identify disk drive manufacturers and, according to the type of publication, provide other information such as sales volume. He indicated that the identity of disk drive manufacturers may be ascertained with a minimum of effort, and that virtually all air filter makers solicit their business.

The deposition of Mr. Menser confirms the testimony of Agnew. In addition, Menser claims that the specific air filter requirements of any disk drive manufacturer can be learned for the asking. He is emphatic that he has not and will not disclose any information that Plaintiff considers confidential. Plaintiff points out that Defendant also has represented emphatically that it has no intention of obtaining or using any information that Plaintiff views as confidential. Therefore, Plaintiff urges, maintenance of the status quo through an injunction will not adversely impact Defendant.

Menser's deposition indicates that he always has considered Plaintiff's cost estimates and price quotes to be confidential. He believes, however, that his agreement

not to compete with Plaintiff is not valid in California.

During the entire course of his employment with Plaintiff, Menser's office always was in San Jose, California. Plaintiff's factories are in New York and California. Defendant's factory is in California.

*Discussion:*

■ This is a diversity action brought under 28 U.S.C. § 1332. Plaintiff is a New York corporation, while Defendant is a Nevada corporation. In a diversity case, a federal court must decide conflict-of-laws questions as would the courts of the state in which it sits. *Klaxon Co. v. Stentor Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). In Nevada the law of the forum presumptively applies, unless non-forum incidents are of greater significance. *Tab Construction Co. v. Eighth Judicial District Ct.,* 83 Nev. 364, 432 P.2d 90, 91 (1967).

■ Plaintiff has no significant contacts with Nevada. Defendant is incorporated under the laws of the State, but has virtually no contacts other than the listing of a Reno resident agent. On the other hand, the significant incidents in this case all involve California. That is the state where any disclosure or use of Plaintiff's trade secrets or confidential information would be taking place. California is the state where Defendant would be interfering with any advantageous relationship between Plaintiff and Mr. Menser. Since Mr. Menser appears to be operating primarily in California, that is where he would be performing any agreements not to compete or not to divulge or use confidential information. Nevada follows the almost universal rule that the law governing a tort is the law of the place where the alleged wrong occurred. *Wells Fargo & Co. v. Wells Fargo Express Co.,* 358 F.Supp. 1065, 1078 (D.Nev.1973), *vac. on oth. gds.,* 556 F.2d 406 (9th Cir. 1977). Nevada also holds that the law of the state where a contract is to be performed is controlling. *Davis v. Jouganatos,* 81 Nev. 333, 402 P.2d 985, 988 (1965). The state where disclosure of trade secrets took place is the place of the wrong, there-

fore its law governs in a case based on such disclosure. *Sarkes Tarzian, Inc. v. Audio Devices, Inc.,* 166 F.Supp. 250, 260 (S.D.Cal. 1958). The substantive law of California will be applied here.

■ California Business & Professions Code § 16600 declares void "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business...." The effect of the statute is discussed in *Hollingsworth Solderless Terminal Co. v. Turley,* 622 F.2d 1324 (9th Cir. 1980). Essentially, if the defendant has not engaged in acts of unfair competition, then enforcement of his covenant not to compete would violate the statute. *Id.* at 1340. The rule as to the use of confidential information or trade secrets is similar. As noted above, Menser agreed, in his employment agreement with Plaintiff, not to reveal or make use of any information relating to Plaintiff's business that is "not public knowledge." In California the employer may restrain, by contract, only that conduct of a former employee that could be restrained under the law of unfair competition, absent the contract. *Id.* at 1338. Nevertheless, if the former employee reveals or uses confidential information so that his sales activities constitute unfair competition, then the contractual provision may be enforced. *Ibid.* Therefore, the covenants not to compete and concerning trade secrets contained in the employment agreement are not illegal per se. *Id.* at 1339; *see also Gordon v. Landau,* 49 Cal.2d 690, 321 P.2d 456, 459 (1958).

■ Those covenants affect Defendant herein only indirectly, however. Plaintiff has made claims based on their breach in the California lawsuit against Menser. What does affect Defendant here is that tortious interference with business relations is actionable in California. *Alpha Dist. Co. of Cal., Inc. v. Jack Daniel Distillery,* 454 F.2d 442, 449 (9th Cir. 1972). A competitor may be held liable if he intentionally interferes with a contract to which he is a stranger for the otherwise legitimate purpose of improving his competitive position at the

**1306**

expense of the plaintiff. *DeVoto v. Pacific Fid. Life Ins. Co.,* 618 F.2d 1340, 1348 (9th Cir. 1980). The action for interference with the plaintiff's prospective economic advantage may be maintained where there has been intentional interference either by unlawful means or by means otherwise lawful when there is a lack of sufficient justification. *Hambro v. Shell Oil Co.,* 674 F.2d 784, 789 (9th Cir. 1982); *Alpha Dist. Co. of Cal., Inc. v. Jack Daniel Distillery, supra* at 450. Whether an intentional interference is justified depends upon the predominant motive of the defendant. *Hambro, supra* at 790.

■ The elements of a tortious interference claim are: (1) The existence of a valid business relationship or expectancy; (2) knowledge of the relationship or expectancy on the part of the interferer; (3) an intentional interference inducing or causing a breach of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *U. S. Trotting Ass'n. v. Chicago Downs Ass'n., Inc.,* 665 F.2d 781, 791 (7th Cir. 1981). "It is the intentional attainment of an unjust advantage which underlies the requirement that the interference be improper, ... and motive or purpose is usually an accurate measure of the advantage the actor sought and of its just or unjust character." *DeVoto v. Pacific Fid. Life Ins. Co., supra* at 1348.

■ Since Plaintiff has alleged an actionable claim for relief against Defendant, the question must be answered as to whether injunctive relief would be appropriate. At the threshold it must be determined whether knowledge gained by the employee is secret and confidential. *Hollingsworth Solderless Terminal Co. v. Turley,* 622 F.2d 1324, 1331 (9th Cir. 1980). If it is not, an injunction won't lie. *California Intelligence Bureau v. Cunningham,* 83 Cal.App.2d 197, 188 P.2d 303, 306 (1948); *Mathews Paint Co. v. Seaside Paint & Lacquer Co.,* 148 Cal.App.2d 168, 306 P.2d 113, 115 (1957).

■ An agreement between the employer and the employee that something is a trade secret or confidential is not controlling if in fact it is not. *Ingrassia v. Bailey,* 117 Cal.App.2d 117, 341 P.2d 370, 375 (1959); *Hollingsworth Solderless Terminal Co. v. Turley, supra* at ftnt. 7. Methods known and used generally throughout a trade are not secret. *Mathews Paint Co. v. Seaside Paint & Lacquer Co., supra* 306 P.2d at 115–116; *see also Bowser, Inc. v. Filters, Inc.,* 398 F.2d 7, 9 (9th Cir. 1968). A most important consideration is whether the information is readily accessible to a reasonably diligent competitor. *Hollingsworth, supra* at 1332. Where the plaintiff's customers are known to competitors as potential customers, the plaintiff's customer list is not a trade secret. *Mathews Paint Co., supra* 306 P.2d at 116. This includes the identities of prospective customers which can be obtained from directories or catalogues. *Knudsen Corporation v. Ever-Fresh Foods, Inc.,* 336 F.Supp. 241, 244 (C.D.Cal.1971); *Aetna Bldg. Maintenance Co. v. West,* 39 Cal.2d 198, 246 P.2d 11, 15 (1952).

■ .Likewise, the characteristics of buyers, their special needs and the names of the persons who place the orders are not confidential if they could be determined by any prudent salesman. *Hollingsworth, supra* at 1333; *Mathews, supra* 306 P.2d at 117. Further, an efficient method of computing costs or pricing is not a trade secret unless it utilizes improved or secret factors. *Fortna v. Martin,* 158 Cal.App.2d 634, 323 P.2d 146, 149 (1958); *Aetna Bldg. Maintenance Co. v. West, supra* 246 P.2d at 16. The former employee's acquaintance with a customer's likes, dislikes and idiosyncracies is not a trade secret where the customer purchases on the basis of quality, price and suitability of the product. *Continental Car-Na-Var Corp. v. Moseley,* 24 Cal.2d 104, 148 P.2d 9, 13 (1944).

■ Although intent of the employer that information be treated as confidential is not determinative, it is relevant to resolution of the issue whether the employee's knowledge is secret and confidential. *Hollingsworth Solderless Terminal Co. v. Turley,* 622 F.2d 1324, at ftnt. 7 (9th Cir. 1980).

Information which the employer considers secret is more likely to receive protection from the courts; thus a requirement that a salesman sign a confidentiality agreement is evidence to be considered in determining whether the information is protectible. *Ibid.* In the added light of Mr. Menser's candid admission that he always has considered Plaintiff's cost estimates and price quotes to be confidential and his lame explanation of why he photocopied and took with him Plaintiff's cost estimate sheets, the Court finds that Mr. Menser possesses confidential information that he acquired while in the employ of Plaintiff. This finding is only the first step, however, in deciding whether a preliminary injunction would be appropriate. It is consistently recognized that: "A former employee has the right to engage in a competitive business for himself and to enter into competition with his former employer, even for the business of those who had formerly been the customers of his former employer, provided such competition is fairly and legally conducted." *Continental Car-Na-Var Corp. v. Moseley,* 24 Cal.2d 104, 148 P.2d 9, 13 (1944); *Fortna v. Martin, supra* 323 P.2d at 148; *Hollingsworth Solderless Terminal Co. v. Turley, supra* at 1330.

■■■ The answer lies in the doctrine of relative secrecy, which is followed by the California courts. *See Tri-Tron International v. Velto,* 525 F.2d 432, 436 (9th Cir. 1975). Particularly insofar as defendant International Filter Co. (as contrasted to Mr. Menser) is concerned, the doctrine stands for the proposition that the interest protected by recognition of the existence of Plaintiff's trade secrets is not secrecy as such but, rather, the protection is against breach of faith and the use of reprehensible means to learn a competitor's secrets. *Clark v. Bunker,* 453 F.2d 1006, 1009 (9th Cir. 1972); *see also Bowser, Inc. v. Filters, Inc.,* 398 F.2d 7, 10 (9th Cir. 1968); *Knudsen Corporation v. Ever-Fresh Foods, Inc.,* 336 F.Supp. 241, 244 (C.D.Cal.1971); *Sarkes Tarzian, Inc. v. Audio Devices, Inc.,* 166 F.Supp. 250, 260–261 (C.D.Cal.1958), *aff'd* 283 F.2d 695 (9th Cir. 1960). Thus, Defendant's use of trade secrets of Plaintiff com-

municated to it by Mr. Menser would be the proper subject of an injunction. *See Eaton Corporation v. Appliance Valves Corporation,* 526 F.Supp. 1172, 1178 (N.D.Ind.1981).

■■■ The party moving for a preliminary injunction bears the burden of demonstrating either a combination of probable success and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor. *Benda v. Grand Lodge of Intern. Ass'n,* 584 F.2d 308, 314–315 (9th Cir. 1978). Under either prong of this standard, however, an injunction may issue only after the plaintiff has established that the conduct sought to be enjoined is illegal and that the defendant, if not enjoined, will engage in such conduct. *United Transportation Union v. Michigan Bar,* 401 U.S. 576, 584, 91 S.Ct. 1076, 1081, 28 L.Ed.2d 339 (1971); *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 8, 98 S.Ct. 1554, 1559–60, 56 L.Ed.2d 30 (1978). The risk of harm to the plaintiff if information is inadvertently disclosed is not sufficient to warrant the granting of a preliminary injunction. *Continental Group, Inc. v. Amoco Chem. Corp.,* 614 F.2d 351, 358 (3rd Cir. 1980). Nor is an injunction proper to remove any temptation for the defendant to participate in unlawful activity. *United Transportation Union v. Michigan Bar, supra* 401 U.S. at 583, 91 S.Ct. at 1081. Neither will an injunction issue merely to allay the fears and apprehensions of a plaintiff. *Continental Group, Inc. v. Amoco Chem. Corp., supra* at 359; *Eaton Corp. v. Appliance Valves Corp., supra* at 1181; *Gainey v. Folkman,* 114 F.Supp. 231, 240 (D.Ariz.1953). Defendant herein has not been shown to have engaged in wrongful conduct, nor has there been any demonstration that such conduct has been threatened. *See Id.* at ftnt. 15; *United Transportation Union v. State Bar of Michigan, supra* 401 U.S. at 584, 91 S.Ct. at 1081.

The opinion in *California Intelligence Bureau v. Cunningham,* 83 Cal.App.2d 197, 188 P.2d 303, 306 (1948) contrasts the factors that were usually present when an injunction has been granted in this type of case

with those factors which were found when injunctive relief has been denied. It declares that an injunction is issued if:

(1) The former employee possesses trade secrets or confidential information —Mr. Menser does possess confidential information.

(2) The former employee solicits his former employer's customers for a competitor, with intent to injure the former employer's business—No intent to injure Plaintiff's business has been shown here; rather it appears that Defendant's motivation is to build up its own business.

(3) The former employee solicits his former employer's preferred customers, whose identity is a trade secret—The evidence indicates that the identity of the larger disk drive manufacturers is well known in the trade.

(4) A customer usually patronizes only one supplier, and the identity of the customers is considered secret—Neither fact appears to be true in the instant litigation.

(5) An established business relationship between customer and supplier normally continues, unless interfered with—The evidence seems to indicate a lack of such loyalty among disk drive manufacturers. They seem to be receptive to the solicitations of several filter suppliers each time a new application for filters arises.

The *California Intelligence Bureau* opinion lists the following factors that usually existed where injunctive relief has been denied:

(1) The customers solicited do not constitute a trade secret or confidential list—This is true here; the identity of the disk drive manufacturers is no secret.

(2) The former employer is in open competition with others engaged in similar business, selling in a competitive market—Again, the evidence shows this to be the case.

(3) The former employee, while employed by his former employer, had no assurance of an order unless he first convinced the prospective customer that the product was better, cheaper or better adapted than the competition's products—The making of one sale of air filters does not imply that other sales will follow to the same customer.

(4) No trust reposed in the former employee is violated and no trade secret or confidential information is used by the former employee—This is the most important factor in the instant proceeding; Plaintiff's burden of establishing a breach of faith (by Menser) or the use of reprehensible means by Defendant to learn Plaintiff's trade secrets has not been sustained.

From the discussion herein it can be seen why the Court concludes that preliminary injunctive relief would not be appropriate at this time. Although Mr. Menser, and Defendant, are seeking to compete with Plaintiff, their competition has not been shown to be unlawful or unjustifiable.

This Memorandum Decision shall be deemed to comprise the Court's findings of fact and conclusions of law.

IT IS, THEREFORE, HEREBY ORDERED that Plaintiff's motion for a preliminary injunction be, and the same hereby is, DENIED.