TITANIUM METALS CORPORATION OF AMERICA, A DELAWARE CORPORATION, PETITIONER, v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENT.

No. 4265

February 17, 1960                                    349 P.2d 444

*Vargas, Dillon & Bartlett* and *Alexander Garroway,* of Reno, for Petitioner.

*Foley Brothers,* of Las Vegas, for Respondent.

## OPINION

By the Court, MCNAMEE, C. J.:

Petitioner seeks a writ of prohibition to prevent the respondent court from proceeding with two civil actions on the ground that it has no jurisdiction.

It appears from the verified petition that Titanium Metals Corporation of America, the petitioner herein, entered into a written contract with Guy F. Atkinson Company whereby Atkinson agreed to supply labor and materials in connection with petitioner's plant expansion in Clark County, Nevada. It further appears that Lancaster and Bywater who had been hired by Atkinson and who were the plaintiffs in said actions, after being injured filed claims under the Nevada Industrial Insurance Act (NRS 616.010–616.680), and that payments have been made by the Nevada Industrial Commission to each plaintiff. A copy of the said contract is attached

to the petition along with an affidavit of one McLaughlin, the chief engineer of petitioner, and they constitute the sole evidence before us in this proceeding.

The allegations of the petition are denied by respondent's unverified answer, and no evidence in the form of affidavit or otherwise has been presented in opposition to the petition.

The sole question arising from the petition is whether petitioner is protected by the Nevada Industrial Insurance Act from common law liability for negligence resulting in injury to said Lancaster and Bywater.

NRS 616.085 provides: "Subcontractors and their employees shall be deemed to be employees of the principal contractor."

It thus becomes necessary for this court to determine whether under the uncontradicted facts before us the relationship between Titanium and Atkinson was that of principal contractor and subcontractor.

The nature of the relationship fully appears from the contract between the two companies and the McLaughlin affidavit.

The said contract was entitled "Construction Management Agreement." Its provisions in part required Atkinson to furnish labor, materials, designing, and engineering and "generally to do all things that are necessary for the proper construction and completion of the work as required by the owner [Titanium]." The owner was empowered to determine the scope of the work, to make changes therein, to require additional work, and to direct the omission of work previously ordered. For its services Atkinson was to receive specified fees, and was to be reimbursed for specified items including labor costs paid by it, social security, old age benefit taxes, pension funds, health, welfare and other taxes related to labor. Such payments by Titanium to Atkinson were to be made monthly. Either party could terminate the contract on 30 days' notice.

The McLaughlin affidavit states that petitioner is a contractor licensed by the State of Nevada, and that under said Construction Management Agreement it was a principal contractor for the work being done for it by Atkinson, and that Atkinson was a subcontractor; that it

was not intended that Atkinson provide all the work done and materials furnished for the expansion project, nor did it do so; that only 46 percent of the project was provided by Atkinson; that the other 54 percent was provided by Titanium who used employees directly on its payroll, and in addition thereto brick work and other separate parts of the expansion project were done under subcontracts; that Titanium was an employer of workmen directly employed by it in said plant and that it was subject to the Nevada Industrial Insurance Act at the time of the accident.

We conclude that the said contract and affidavit bring this case squarely under the ruling in Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110. There this court held that where a defendant owner, in constructing a building, entered into separate contracts, the fact that defendant was a general contractor or principal employer would preclude an employee of another contractor who suffered injuries in the course of his employment and accepted benefits under the Industrial Insurance Act from recovering at common law from defendant for the injuries sustained.

"If the owner chooses to retain in his own hands the business of erecting the building, and to parcel out fractions of the work of construction among separate contractors each responsible solely to the owner for a fraction only of the entire work, the owner must be held to be the principal employer * * * and also to be engaged for the time being in the business of constructing the building." Bello v. Notkins, 101 Conn. 34, 124 A. 831, 832.

In the Simon Service case the defendant was the owner, as is petitioner here, and we said in that case "when that owner assumed an additional status * * * of being principal employer or principal contractor, he was not eliminated [from the Industrial Insurance Act] just because he was also the owner." [73 Nev. 9, 307 P.2d 113.] The fact that the contract in its first paragraph designated the petitioner as owner and Atkinson as principal contractor would not affect their actual relationship as shown by the evidence.

The lower court is without jurisdiction to proceed in

the common law actions because the plaintiffs therein are limited to the compensation provided by the Industrial Insurance Act.

Let the writ of prohibition issue.

BADT and PIKE, JJ., concur.