GUADALOUPE CARDENAS VDA DE ARAGONEZ, MOTHER OF RODOLFO ARAGONEZ CARDENAS (DECEASED), APPELLANT, v. TAYLOR STEEL CO., A NEVADA CORPORATION, RESPONDENT.

No. 5849

December 30, 1969 · 462 P.2d 754

*Stanley W. Pierce* and *Franklin N. Smith,* of Las Vegas, for Appellant.

*Cromer and Barker,* of Las Vegas, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

The decedent, Rodolfo Aragonez Cardenas, was an employee of W. A. Perry Tile & Marble Company as a tile

setter's helper. Perry Tile was engaged as a subcontractor of Zuni Construction Company who was the general contractor engaged in the construction of a library building on the University of Nevada, Las Vegas, campus. Defendant Taylor Steel Company was the subcontractor for the steel work on the library also under Zuni.

While Rodolfo was working on the ground floor of the building Taylor Steel was constructing the steel framework of the library. A steel beam fell from the area where the employees of Taylor Steel had been working and struck Rodolfo on the head from which he died several days later.

The mother of Rodolfo made a claim under Chapter 616 of the Nevada Revised Statutes against the Nevada industrial insurance of Perry Tile. No claim was made to Zuni Construction nor to Taylor Steel. The mother received benefits of $91.50 per month chargeable to the Perry Tile insurance account under NRS 616.380.

She commenced an action against Taylor Steel alleging that her remedy was not exclusively within the provisions of the Nevada Industrial Insurance Act and that she had a cause of action against Taylor Steel as a third-party wrongdoer for the allegedly negligent conduct of its employees.

The trial court ruled that the mother's remedy was exclusively within the provisions of the Nevada Industrial Insurance Act and granted summary judgment in favor of Taylor Steel.

The Nevada Industrial Insurance Act provides that "Subcontractors and their employees shall be deemed to be employees of the principal contractor." NRS 616.085; Tab Construction Co. v. District Court, 83 Nev. 364, 432 P.2d 90 (1967). Subcontractors shall include independent contractors. NRS 616.115. An employee may sue another person "other than the employer or a person in the same employ . . . ." NRS 616.560. The question is whether an employee of one subcontractor working at the same jobsite as the employee of another subcontractor and who is injured by the employee of the other subcontractor is barred from bringing an action against the employee at fault for the injuries.

No Nevada cases have previously dealt directly with this subject. Our past cases were concerned with the exclusiveness of the remedy against the employer under the N.I.I.A. which prevents the employee from bringing a common-law action against the employer. Tab Construction Co. v. District Court, supra; Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957); Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1960); cf. Cummings v. United Resort Hotels,

85 Nev. 23, 449 P.2d 245 (1969), in which no reference was made to the fellow employee who killed the decedent except that the court stated that "all parties were within the provisions of NRS Chapter 616 . . . ."

This is not the situation of a "loaned" employee causing the injury to a regular employee of the employer. A loaned employee is subject to the control of the injured's employer. Jackson v. Southern Pacific Co., 285 F.Supp. 388 (D. Nev. 1968). In this case Taylor Steel's employee who allegedly brought about the injury to Rodolfo Cardenas from which he died was not subject to the control of Perry Tile. Under NRS 616.085 the employees of the subcontractors, Taylor Steel and Perry Tile, are considered employees of Zuni Construction Company, the principal contractor, for purposes of the N.I.I.A. NRS 616.560 extends immunity not only to employers but to those in the same employ. Since Taylor Steel was paying compensation insurance on its employees, it is only logical that NRS 616.085 making subcontractors "employees" requires that the doctrine of immunity be extended to include Taylor Steel in these circumstances.

Nevada's Industrial Insurance Act is uniquely different from the industrial insurance acts of other states in that independent contractors and subcontractors by NRS 616.115 and 616.085 are accorded the status of employees.

We must conclude that the remedy of decedent's mother was exclusively within the provision of the Nevada Industrial Insurance Act.

The order granting summary judgment of dismissal of the action is affirmed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.