STOLTE, INC., a Nevada Corporation, Petitioner, v.
THE EIGHTH JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA, Respondent.

No. 7087

June 7, 1973                                    510 P.2d 870

*Beckley, DeLanoy & Jemison,* of Las Vegas, for Petitioner.

*Lee & Beasey,* of Las Vegas, for Respondent.

## OPINION

By the Court, BATJER, J.:

Harold Cunningham, while employed by a sub-subcontractor during the construction of the International Hotel [now the Hilton International] in Las Vegas, Nevada, was injured as a result of an act attributable to an employee of Stolte, Inc., one of the several subcontractors involved in the construction of the hotel. Cunningham brought a common law action against Stolte, Inc., and others, seeking damages for his injuries.

Stolte, Inc., urging that Cunningham was only entitled to the scheduled statutory benefits provided by the Nevada Industrial Insurance Act, NRS ch. 616, moved for summary judgment in the district court. After summary judgment was denied, Stolte, Inc., brought this original proceedings in prohibition contending that respondent court is without jurisdiction to proceed in Cunningham's common law action. Prohibition is an appropriate remedy. Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1960).

The sole question to be decided is whether the provisions of NRS ch. 616 limit the recovery by an employee of a sub-subcontractor to Nevada Industrial Commission benefits, when the claimant's injury is attributable to an act by an employee of subcontractor on the same project.

In Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957), this court held that an owner who undertook to erect a building without the intervention of a principal contractor, and parceled factions of the work among separate independent contractors was the "general contractor" or "principal employer" and an employee of one of the separate contractors injured in the course of his employment was limited to compensation under NRS ch. 616 and was precluded from recovering at common law from another contractor on the same project. We adopted the same rationale in Titanium Metals v. District Court, supra. In Aragonez v. Taylor Steel Co., 85 Nev. 718, 462 P.2d 754 (1969), we held that the surviving dependent of a fatally injured employee of one subcontractor could not recover in an action in tort from another subcontractor on the same jobsite, but her exclusive remedy was under the Nevada Industrial Insurance Act (NRS ch. 616).

Our system of industrial insurance provides for single unit coverage. All subcontractors and independent contractors and their employees are deemed employees of the principal contractor. NRS 616.085; NRS 616.115. It is the responsibility of the principal contractor to see that industrial insurance coverage is provided for all such employees and only in instances where the principal employer has failed to provide and secure compensation insurance under NRS ch. 616 is an action at law permitted. NRS 616.375(1); Simon Service v. Mitchell, supra; Titanium Metals v. District Court, supra; Tab Constr. Co. v. District Court, 83 Nev. 364, 432 P.2d 90 (1967). NRS ch. 616 provides the exclusive remedy of any employee of one subcontractor injured as a result of the negligence of the employee of another subcontractor working for the same covered principal contractor. Aragonez v. Taylor Steel Co., supra.

We have never had occasion to consider if employees of a sub-subcontractor are to be deemed employees of the principal contractor under NRS ch. 616. We note that the provisions of that chapter make no reference to the term "sub-subcontractor." This omission however, does not in itself exclude employees of a sub-subcontractor from coverage. The overall scheme of the Industrial Insurance Act is to provide coverage for all employees working for, or under, the principal contractor. The provisions of NRS ch. 616 are construed to include sub-subcontractors as well as subcontractors and independent contractors.

Several other jurisdictions, faced with similar situations have held that employees of a sub-subcontractor are within their industrial insurance provisions. E.g., Palumbo v. Nello L. Teer Co., 240 F.Supp. 226 (D.C. Md. 1965); Kieffer v. Walsh Construction Co., 140 F.Supp. 318 (E.D. Pa. 1956); Baker & Conrad v. Chicago Heights Const. Co., 4 N.E.2d 953 (Ill. 1936). The Illinois court in Baker & Conrad, supra, stated: ". . . The term 'subcontractor' is not spoken in a technical sense, but includes not only those contracting directly with the original contractor, but also those who have contracted with one whose contract is subordinate to a previous agreement, regardless of whether it is the original or general contract. Such persons are all 'subcontractors,' although they may be removed in different degrees from the original contract. No distinctions are recognized in the applicability of the act as to 'contractors or to subcontractors,' as those terms are customarily recognized, or even those still further removed in the chain of contracts descending from the original contract. The act was

intended to embrace all laborers rendering services in the advancement of their employers business. . . ." 4 N.E.2d at 958.

An employee of a sub-subcontractor is deemed an employee of the principal contractor, and the exclusive remedy of such employee injured in the course of his employment is limited to benefits contained in NRS ch. 616.

Cunningham is proscribed from recovering damages against Stolte, Inc., in an action at common law. The respondent court is without jurisdiction to entertain his complaint and the peremptory writ of prohibition shall issue forthwith, in accordance with this opinion.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.