CORRY H. FRITH AND EVELYN G. FRITH, APPELLANTS, *v.* HARRAH SOUTH SHORE CORP., A CALIFORNIA CORPORATION, ET AL., RESPONDENTS.

No. 8028

July 22, 1976                    552 P.2d 337

---

[2]The Governor, pursuant to Article VI, § 4 of the Constitution, designated District Judge Keith C. Hayes to sit in the place of Mr. Chief Justice Gunderson, who voluntarily disqualified himself and took no part in this decision.

[Rehearing denied August 31, 1976]

*Breen, Young, Whitehead & Hoy,* and *Milos Terzich,* of Reno, for Appellants.

*Hibbs & Newton,* and *Margo Piscevich,* of Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

This appeal is taken from a judgment on the pleadings and dismissal of the action with prejudice.

Appellant Corry H. Frith, hereinafter referred to as Frith, was injured when he fell from a scaffold while working on property owned by respondents, hereinafter referred to as respondents or Harrah. At that time Frith was an employee of Campbell Construction Company which had contracted with Harrah for the construction of a hotel at Stateline, Nevada. After the accident Frith received benefits under the Nevada Industrial Insurance Act.[1] NRS Chapter 616.

Appellants now claim a right to bring an action for damages against Harrah under the common law as well as the Nevada Occupational Safety and Health Act, NRS Chapter 618.

The district court in its memorandum of decision concluded that respondents were entitled to a judgment on the pleadings regardless of whether Harrah or Campbell Construction Company was in fact Frith's employer, because in either event

---

[1]The meager record precludes us from deciding whether Frith's acceptance of the Nevada Industrial Commission's award was of such magnitude and significance as to extinguish any common law rights he might have had. Stevenson v. Kollsman Mineral & Chem., 91 Nev. 529, 539 P.2d 463 (1975); First Nat'l Bk. v. District Ct., 75 Nev. 77, 335 P.2d 79 (1959).

appellants were restricted to such compensation as might be awarded under the Nevada Industrial Insurance Act to the exclusion of any common law action for damages and unaffected by the Nevada Occupational Safety and Health Act. We agree.

1. Appellants base their claim in part on NRS 618.395 of the Nevada Occupational Safety and Health Act, which at the time of the accident provided: "An employer, owner or lessee of any real property in this state shall not construct, or cause to be constructed any place of employment that is not safe." They contend that NRS 618.395 imposes upon the owner of real property a direct and non-delegable duty to provide a safe place of employment in regard to construction projects on the real property and that such owner failing to so provide is subject to an action for damages by an employee injured thereon.

The department of occupational safety and health is directly under the jurisdiction, supervision and regulation of the Nevada Industrial Commission. NRS 618.175. It is also required to be administered by the Nevada Industrial Commission which employs its director, whose decisions are subject to review by that commission. NRS 618.235. Even the cost of administering the department is to be based on the premium rate charged each employer for industrial insurance. NRS 618.235(3).

Enforcement of NRS Chapter 618 is accomplished by (1) notice in lieu of citations for *de minimis* violations, (2) citation for abatement and (3) assessment of penalty. Furthermore, the department may prosecute (NRS 618.525), seek injunctive relief (NRS 618.545), and assess administrative fines (NRS 618.625). Any employee may seek mandamus against a director who fails to enforce the provisions of the Act. NRS 618.545.

Although an owner of real property is required to furnish a safe place of employment and upon failure to do so is subject to certain sanctions, there is nothing in the language or structure of NRS Chapter 618 to suggest a civil suit may be brought by an injured employee against such owner, whether or not he is the employer.

The provisions of the Nevada Administrative Procedure Act (NRS Chapter 233B) apply to all proceedings and hearings conducted pursuant to NRS Chapter 618. Nothing can be found in the language of that act suggesting a civil action by an employee injured by reason of an unsafe place of employment.

NRS Chapter 618 is closely aligned to NRS Chapter 616. Therefore, any claim for compensation by an injured employee arising out of a failure by an employer to comply with NRS Chapter 618 would of necessity be considered in light of NRS Chapter 616 and the cases interpreting that chapter.

A fair reading of NRS 618.365(1)[2] supports respondents' contention that the legislature did not intend to create any private civil remedy through the Occupational Safety and Health Act. The intent and scope of NRS 618.365 is so clear that further comment is really unnecessary. However, we note that the Nevada Occupational Safety and Health Act was modeled after the Federal Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. § 651 et seq., and although the federal act relates only to employers and employees and does not have a specific provision prohibiting the owner of real property from constructing or causing to be constructed an unsafe place of employment, the federal court's interpretation is analogous. They have held that OSHA does not create, either directly or impliedly, a private civil remedy in favor of employees. To support such finding those courts have relied on 29 U.S.C. § 653 (b)(4),[3] which is virtually identical to NRS 618.365. Byrd v. Fieldcrest Mills, Inc., 496 F.2d 1323 (4th Cir. 1974); Russell v. Bartley, 494 F.2d 334 (6th Cir. 1974); Otto v. Specialties, Inc., 386 F.Supp. 1240 (N.D. Miss. 1974); Hare v. Federal Compress and Warehouse Co., 359 F.Supp. 214 (N.D. Miss. 1973); Skidmore v. Travelers Insurance Co., 356 F.Supp. 670 (E.D. La. 1973) aff'd. 483 F.2d 67 (5th Cir. 1973).

2. Appellants further contend that even without the aid of NRS 618.395 Harrah is liable under the common law for the alleged negligence because it retained some control over the construction project.

---

[2]NRS 618.365(1): "This chapter does not supersede or in any manner affect the Nevada Industrial Insurance Act, the Nevada Occupational Diseases Act or enlarge, diminish or affect in any other manner the common law or statutory rights, duties or liabilities of employers and employees under the laws of this state with respect to injuries, occupational or other, diseases or death of employees arising out of or in the course of employment."

[3]29 U.S.C. § 653(b)(4): "Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."

Since the enactment of the Nevada Industrial Insurance Act, Chapter 111, 1913 Statutes of Nevada, this court has held that compensation by the Nevada Industrial Commission is the sole remedy exclusive of any rights of a common law action against an employer, where an employee incurs an injury as a result of an accident which arose out of and in the course of his employment. NRS 616.270;[4] 616.370.[5] See LTR Stage Line v. Nev. Ind. Comm'n, 81 Nev. 626, 408 P.2d 241 (1965);[6]

[4]NRS 616.270: "1. Every employer within the provisions of this chapter, and those employers who shall accept the terms of this chapter and be governed by its provisions, as in this chapter provided, shall provide and secure compensation according to the terms, conditions and provisions of this chapter for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

"2. Travel for which an employee receives wages shall, for the purpose of this chapter, be deemed in the course of employment.

"3. In such cases the employer shall be relieved from other liability for recovery of damages or other compensation for such personal injury, unless by the terms of this chapter otherwise provided."

[5]NRS 616.370: "1. The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment shall be exclusive, except as otherwise provided in this chapter, of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury.

"2. The terms, conditions and provisions of this chapter for the payment of compensation and the amount thereof for injuries sustained or death resulting from such injuries shall be conclusive, compulsory and obligatory upon both employers and employees coming within the provisions of this chapter.

"3. The exclusive remedy provided by this section to a principal contractor extends, with respect to any injury by accident sustained by an employee or any contractor in the performance of the contract, to every architect or engineer who performs services for the contractor or any such beneficially interested person.

"4. If an employee receives any compensation or accident benefits under this chapter, the acceptance of such compensation or benefits shall be in lieu of any other compensation, award or recovery against his employer under the laws of any other state or jurisdiction and such employee is barred from commencing any action or proceeding for the enforcement or collection of any benefits or award under the laws of any other state or jurisdiction."

[6]In McColl v. Scherer, 73 Nev. 226, 315 P.2d 807 (1957), and Quicksilver Co. v. Thiers, 62 Nev. 382, 152 P.2d 432 (1944), this court recognized the exclusive remedy of the Nevada Industrial Insurance Act. However, in *Quicksilver* the district court judgment was affirmed because the facts of that case took it outside the Act. In *McColl* a summary judgment was reversed and the case remanded to determine whether or not the injury arose out of her employment. Here there is no dispute that Frith's injury arose out of his employment.

Kennecott Copper Corp. v. Reyes, 75 Nev. 212, 337 P.2d 624 (1959). See also, Jackson v. Southern Pac. Company, 285 F.Supp. 388 (D. Nev. 1968); Howe v. Diversified Builders, Inc., 69 Cal.Rptr. 56 (Cal.App. 1968).

If Harrah could be deemed the principal contractor and the principal employer of Frith, it would not be excluded from coverage under the Nevada Industrial Insurance Act and the insulation from common law liability just because it was also the owner of the real property where the injury occurred. Titanium Metals v. District Court, 76 Nev. 72, 349 P.2d 444 (1970),[7] Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957). If Campbell Construction Company is the bona fide employer of Frith, then both Harrah and Campbell would be insulated by the Nevada Industrial Insurance Act from any common law liability, NRS 616.270; 616.370; LTR Stage Line v. Nev. Ind. Comm'n, supra; Kennecott Copper Corp. v. Reyes, supra.

Had Frith established these same facts in a proceeding to secure compensation under the Nevada Industrial Insurance Act, he would have unquestionably been entitled to a judgment on the pleadings mandating a statutory award, and it therefore follows under the decisions of this court that such relief is exclusive. NRS 616.370; NRS 616.500; Kennecott Copper Corp. v. Reyes, supra.

If appellants' contentions were to be adopted, no owner of real property in this state would dare allow a workman upon his property.

Affirmed.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

---

[7]Cf. Weaver v. Shell Oil Co., 91 Nev. 324, 535 P.2d 787 (1975), which is distinguishable on its particular set of facts.