## DOUGLAS NOLAND, Appellant, *v.* WESTINGHOUSE ELECTRIC CORPORATION, Respondent.

No. 10998

May 28, 1981                                       628 P.2d 1123

*Daryl Engebregson,* Las Vegas, for Appellant.

*Cromer, Barker & Michaelson,* Las Vegas, for Respondent.

## OPINION

By the Court, Batjer, J.:

Appellant, Douglas Noland, brought suit to recover damages for injuries he sustained on a construction project as a result of an elevator free-fall during the building of the Jockey

Club in Las Vegas, Nevada. A subcontractor, Bob Craig & Associates, Inc., employed appellant. Another subcontractor, Westinghouse Electric Corporation (Westinghouse), was the manufacturer and installer of the elevator pursuant to a subcontract with B.C.E., Inc., the general contractor.

On the date of this accident, both Westinghouse and appellant's employer were insured under the Nevada Industrial Insurance Act (NIIA). Appellant filed a claim for and received benefits under the NIIA.

Appellant contends that the district court erred in granting summary judgment in favor of Westinghouse because it remains to be determined whether Westinghouse was a fellow servant of his under NRS 616.085.

Appellant further contends that this court should adopt the "dual capacity doctrine",[1] which would allow him to assert a products liability claim against Westinghouse because Westinghouse was not acting merely as any other subcontractor, but was also the manufacturer, seller, supplier, installer and maintainer of the elevator equipment.

Respondent counters with the argument that there is no material issue of fact in the case and that this court's holding in Aragonez v. Taylor Steel Co., 85 Nev. 718, 462 P.2d 754 (1969), is dispositive.

---

[1]This theory, known as the "dual capacity doctrine", has been defined in the following terms:

[A]n employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer. 2A A. Larson, Workmen's Compensation § 72.80, at 14-112 (1976).

See also Kelly, *Workmen's Compensation and Employer Suability: The Dual-Capacity Doctrine,* 5 St. Mary's L.J. 818 (1973-1974); A. Lambert, *Manufacturer's Liability as a Dual Capacity of an Employer,* 12 Akron L.Rev., 747 (1979).

That doctrine has not been applied in Nevada. It has been applied in a few jurisdictions where highly unusual fact situations have occurred. Reed v. The Yaka, 373 U.S. 410 (1963); Marcus v. Green, 300 N.E.2d 512 (Ill. 1973); Douglas v. E. & J. Gallo Winery, 137 Cal.Rptr. 797 (Cal.App. 1977); Bell v. Industrial Vangas, Inc., 168 Cal.Rptr. 41 (Cal.App. 1980). *Cf.* Provo v. Bunker Hill Company, 393 F.Supp. 778 (D.Idaho 1975) (dual capacity doctrine recognized but not adopted). *But see* Peoples v. Chrysler Corp., 296 N.W.2d 237 (Mich.App. 1980); Longever v. Revere Copper & Brass, Inc., 408 N.E.2d 857 (Mass. 1980); Schlenk v. Aerial Contractors, Inc., 268 N.W.2d 466 (N.D. 1978). *Contra* State v. Purdy, 601 P.2d 258 (Alaska 1979) where that court said: ". . . [B]ecause of the persuasiveness of case law from other jurisdictions rejecting it, we reject the dual capacity doctrine as the law of this state".

1. As a matter of law, appellant and Westinghouse are coemployees and there can be no remaining question of fact on that issue. NRS 616.085.[2]

2. We turn now to consider the dual capacity argument. A rejection of that argument in this case compels affirmance because absent the application of that doctrine, appellant's exclusive remedy is within the NIIA.

No case has been called to our attention, nor has independent research discovered any case, where statutory immunity of coemployees has been abrogated by the "dual capacity doctrine". One of the principal purposes of the NIIA and similar workmen's compensation acts is to protect employees from the possible financial burden arising from injuries to coemployees as a result of their negligence.

We perceive no valid reason to deny Westinghouse, as the statutory coemployee of appellant, the immunity afforded by NIIA, merely because it might have been serving the general contractor in a capacity different than that of appellant who was injured. *See* McCormick v. Caterpillar Tractor Co., 402 N.E.2d 412 (Ill.App. 1980).

In Aragonez v. Taylor Steel Co., *supra,* this court said, "Nevada's Industrial Insurance Act is uniquely different from the industrial insurance acts of other states in that independent contractors and subcontractors by NRS 616.115[3] and NRS 616.085 are accorded the status of employees". *Id.* at 720, 462 P.2d at 755.

The judgment of the district court is affirmed.

GUNDERSON, C. J., and MANOUKIAN and MOWBRAY, JJ., and BREEN, D. J.,[4] concur.

---

[2]NRS 616.085:

Subcontractors and their employees shall be deemed to be employees of the principal contractor.

[3]NRS 616.115:

"Subcontractors" shall include independent contractors.

[4]The Governor designated The Honorable Peter I. Breen, Judge of the Second Judicial District, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.