GEORGE T. HOWARD; ART DRAPERY STUDIOS, INC., AND MARTIN STERN, JR., A.I.A. ARCHITECT, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, RESPONDENT.

No. 13322

February 26, 1982          640 P.2d 1320

*Cromer, Barker, Michaelson, Gillock & Rawlings,* and *Dickerson, Miles, Pico & Mitchell,* Las Vegas, for Petitioners.

*Galatz, Earl & Biggar,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This original proceeding in prohibition challenges the district court's refusal to grant summary judgment on the ground that respondent court lacks jurisdiction to proceed with plaintiff's common law action. Petitioners contend that the Nevada Industrial Insurance Act (NIIA) provides plaintiff's full and exclusive remedy, and that, therefore, respondent court is without jurisdiction.

The parties stipulated to the following facts: On April 9, 1979, Henry C. Post (the plaintiff below and real party in interest herein) was employed by the MGM Grand Hotel as a stagehand and was injured during the course and scope of his employment when he fell down the shaft of a revolving stagelift at the MGM. Post was awarded compensation by the Nevada Industrial Commission, but thereafter commenced the present action for recovery of damages for personal injuries from petitioners. At the time of the accident all petitioners were employed by MGM pursuant to separate contracts, MGM being the principal contractor. Petitioner Howard was employed as the lighting and stage design consultant; petitioner Stern was employed as project architect for the construction of the entire MGM Grand Hotel; and petitioner Art Drapery Studios was retained for the construction of the stagelift.

Petitioners moved for summary judgment in the district court contending: (1) that the action was barred by the NIIA; (2) that petitioner Art Drapery could not be held liable to plaintiff because the stagelift was constructed according to MGM's designs and specifications; and (3) that petitioner Stern did not have any responsibility with respect to the design, construction or installation of the stagelift. The motions were denied and this petition for a writ of prohibition followed.[1] Prohibition is an appropriate remedy. *See* Stolte, Inc. v. District Court, 89 Nev. 257, 510 P.2d 870 (1973).

The sole issue presented by this petition is whether Post's common law action is barred by the NIIA, NRS ch. 616.[2]

---

[1]Post has filed an answer on behalf of the respondent court.

[2]NRS 616.370 provides in pertinent part:

1. The rights and remedies provided in this chapter for an employee on account of an injury by accident sustained arising out of and in the course of the employment *shall be exclusive,* except as otherwise provided in this chapter, of all other rights and remedies of the employee, his personal or legal representatives, dependents or next of kin, at common law or otherwise, on account of such injury. (Emphasis added.)

NRS 616.560 provides in pertinent part:

1. When an employee coming under the provisions of this chapter receives an injury for which compensation is payable under this chapter and which injury was caused under circumstances creating a legal liability in some person, *other than the employer or a person in the same employ,* to pay damages in respect thereof:

(a) the injured employee, . . ., may take proceedings against that person to recover damages. . . . (Emphasis added.)

NRS 616.055 provides in pertinent part:

"Employee" and "workman" are used interchangeably in this

Under NRS 616.560, employers and those "in the same employ" are relieved from liability for recovery of damages for personal injuries. Aragonez v. Taylor Steel Co., 85 Nev. 718, 462 P.2d 754 (1969). Thus, it is necessary to determine whether petitioners and Post were "in the same employ" within the meaning of NRS 616.560.

Petitioners contend that they were in the same employ as Post because they were employed directly by the same employer. Furthermore, they argue that because MGM directly, and through its agent, retained sufficient supervisory control over its construction project, see Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957), MGM was the principal contractor or employer of petitioners and Post. Under NRS 616.085, subcontractors and their employees are deemed to be employees of the principal contractor. As such, petitioners contend they were "in the same employ" as Post under NRS 616.560 and Post is barred from bringing suit against petitioners.

Post does not dispute the fact that MGM was the principal contractor or employer. Rather, he contends that on the facts of this case, where workmen and stagehands are not working together at the same time on the same jobsite when the accident occurs, the statutory immunity for coemployees granted by NRS 616.560 should not apply. Additionally, Post argues that the past Nevada cases in this area are factually distinct,[3] and we should therefore construe the phrase "in the same employ" to mean "in the same line of work." However, this interpretation is too narrow in light of our recent holding in Noland v. Westinghouse Elec. Corp., 97 Nev. 268, 628 P.2d 1123 (1981).

In *Noland,* the plaintiff had brought suit in district court to recover damages for injuries he sustained on a construction project as a result of an elevator free-fall during the building of the Jockey Club in Las Vegas. A subcontractor had employed

chapter and mean every person in the service of an employer under any appointment or contract of hire. . . .

NRS 616.085 provides:

Subcontractors and their employees shall be deemed to be employees of the principal contractor.

NRS 616.115 provides:

"Subcontractors" shall include independent contractors.

[3]See, e.g., Hosvepian v. Hilton Hotels Corp., 94 Nev. 768, 587 P.2d 1313 (1978); Antonini v. Hanna Industries, 94 Nev. 12, 573 P.2d 1184 (1978); Stolte, Inc. v. District Court, 89 Nev. 257, 510 P.2d 870 (1973); Aragonez v. Taylor Steel Co., 85 Nev. 718, 462 P.2d 754 (1969); Simon Service v. Mitchell, 73 Nev. 9, 307 P.2d 110 (1957).

the plaintiff. Westinghouse, the defendant, had manufactured and installed the elevator pursuant to a subcontract with the general contractor. The district court granted summary judgment in favor of Westinghouse. On appeal, Noland contended: (1) that a question of fact remained as to whether Westinghouse was a fellow servant under NRS 616.085; and (2) that the dual capacity doctrine should be adopted which would allow a products liability claim against Westinghouse because Westinghouse was not acting merely as any other subcontractor, but was also the manufacturer, seller, supplier, installer and maintainer of the elevator equipment. This court found that Noland and Westinghouse were coemployees under NRS 616.085, and rejected the dual capacity doctrine. This court stated:

> We perceive no valid reason to deny Westinghouse, as the statutory coemployee of appellant, the immunity afforded by NIIA, merely because it might have been serving the general contractor in a capacity different than that of the appellant who was injured.

*Id.* at 269, 628 P.2d at 1124.

Applying *Noland* to the present case, the fact that Post and petitioners were not employed by MGM in the same capacity, nor in the "same line of work," is no reason to deny petitioners immunity under NRS 616.560 as coemployees. Furthermore, the petitioners' status as coemployees with Post is not affected by the fact that the work on the stagelift was completed before Post was injured. At the time of Post's accident, petitioners were still in the process of completing their work under their respective contracts with MGM.

We hold that as a matter of law, petitioners and Post were "in the same employ" within the meaning of NRS 616.560. Post's recovery is therefore limited to the compensation provided by the NIIA, and the respondent court is without jurisdiction to proceed with his common law suit. A writ of prohibition shall issue in accordance with this opinion.