AVONNA WATSON, Appellant, v. G.C. ASSOCIATES LIMITED PARTNERSHIP, BRIAN GREENSPUN, SUSAN GREENSPUN FINE, DANIEL GREENSPUN, and JANE GREENSPUN, As Partners of G.C. ASSOCIATES LIMITED PARTNERSHIP, Respondents.

No. 14549

December 6, 1984                    691 P.2d 417

*Leavitt and Leavitt*, Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy & Jemison, R. Richard Costello,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Avonna Watson appeals from a summary judgment granted in favor of the respondents, a limited partnership and the partners as such. After recovery from the Nevada Industrial Commission, now the State Industrial Insurance System, Watson sought to impose third-party liability upon respondents for the results of an injury by accident occurring in the course and scope of her employment. The theory of Watson's complaint was that respondents, as landlords, had been negligent in their maintenance of the building which they own and lease to her employer, the Las Vegas Sun, Inc.

Respondents sought summary judgment below, in part upon the ground that the named general partners of the partnership, Brian Greenspun, Susan Greenspun Fine, and Daniel Greenspun, were co-employees of the plaintiff, and therefore immune from common law liability pursuant to the Nevada Industrial Insurance Act

(NIIA), NRS 616.560. On appeal, Watson concedes the dismissal of the limited partner, Jane Greenspun, as well as the general partners, apparently also recognizing that a limited partner is not a proper party to a suit against a limited partnership. NRS 88.270, *see* Richard Mathews, Jr., Inc. v. Vaughn, 91 Nev. 583, 540 P.2d 1062 (1975).

Despite the fact that all the general partners of the partnership are concededly immune from liability as co-employees as a result of the workmen's compensation statute, Watson asks this Court to address the issue of the common law liability of the partnership, as if it were an entity independent of its partners. This we decline to do. To do so would require us to ignore the policies of both the Uniform Partnership Act, NRS chapter 87, and the Nevada Industrial Insurance Act, NRS chapter 616.

Under NRS 616.560, a person "in the same employ" as a claimant is relieved from common law liability for damages resulting from injuries compensated under the workmen's compensation statute. *See* Howard v. District Court, 98 Nev. 87, 640 P.2d 1320 (1982); Aragonez v. Taylor Steel Co., 85 Nev. 718, 462 P.2d 754 (1969). This is so, even if the co-employee may have been liable to the claimant on the basis of some other role or status unrelated to his employment. Thus, in Noland v. Westinghouse Electric Corporation, 97 Nev. 268, 628 P.2d 1123 (1981), we specifically refused to abrogate the statutory immunity of co-employees by application of the "dual capacity doctrine." Therefore, the fact that respondents were also the landlords of the claimant's employer has no effect upon their immunity under the act. *See, e.g.,* Heritage v. Van Patten, 453 N.E.2d 1247 (N.Y. 1983) (co-employee immune from liability as landlord); *cf.* Jansen v. Harmon, 164 N.W.2d 323 (Iowa 1969) (employer immune from liability as landlord).

We have held that "[o]ne of the principal purposes of the NIIA . . . is to protect employees from the possible financial burden arising from injuries to co-employees as a result of their negligence." Noland v. Westinghouse, *supra,* 97 Nev. at 270, 628 P.2d at 1125. The granting of immunity to the respondent partners in this case is required to satisfy this purpose. To uphold this immunity while allowing suit against their partnership, however, would undermine this important policy.

Under the Uniform Partnership Act, NRS chapter 87, a partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit." NRS 87.060(1). As the drafter of the act explained at the time of its proposal, this language was intended to make clear that the act was based upon

a common law or aggregate theory of partnership, as opposed to an entity theory which would have endowed the partnership with a separate legal personality. Lewis, *The Uniform Partnership Act,* 24 Yale L.J. 617, 638-40 (1915). *See also* Lewis, *The Uniform Act—A Reply to Mr. Crane's Criticism,* 29 Harv. L. Rev. 158 (1915), and 29 Harv. L. Rev. 291 (1916). Under the act, the partnership is liable for loss or injury resulting from "any wrongful act or omission of any partner acting in the ordinary course of the business . . . to the same extent as the partner so acting or omitting to act," NRS 87.130, and all partners are liable "jointly and severally for everything chargeable to the partnership under NRS 87.130." NRS 87.150(1). To hold the partnership liable in this case would, therefore, necessarily be to hold the partners liable as well, despite the policy of the NIIA.

Faced with a similar problem, the New York Court of Appeals held that a partnership was immune from liability for the tortious acts of a partner who was himself immune from liability. Caplan v. Caplan, 198 N.E. 23 (N.Y. 1935). The court noted that "[i]n the field of liability for torts [where liability is joint and several] it is especially apparent that a partnership cannot be regarded as an entity independent of the persons who compose it." *Id.* at 25. *See also* Belleson v. Skilbeck, 242 N.W. 1 (Minn. 1932). *Cf.* Sumner v. Brown, 167 A. 315 (Pa. 1933) (no right of action remains against partnership when neither partner is liable). *Contra,* Eule v. Eule Motor Sales, 170 A.2d 241 (N.J. 1961) (entity theory). In the field of workmen's compensation, it has been held, analogously, that where the partnership was immune as an employer under the act, a partner could not be liable for negligence in his capacity as a landlord. Williams v. Hartshorn, 69 N.E.2d 557 (N.Y. 1946). Other courts have similarly refused to allow suits against partners when the partnerships were immune under workmen's compensation statutes. Carlson v. Carlson, 346 N.W.2d 525 (Iowa 1984); Mazzuchelli v. Silberberg, 148 A.2d 8 (N.J. 1959); Candler v. Hardware Dealers Mutual Ins. Co., 203 N.W.2d 659 (Wis. 1973).

For the same policy reason, to avoid creating an artificial distinction which would have the effect of abrogating the policy of our workmen's compensation statute regarding immunity of employers or co-employees, we are unwilling to treat the respondent partnership in this case as a separate entity, subject to common law liability, though all the general partners who compose the partnership are protected under the act. In other contexts, we have also refused to allow those protected under the act to suffer indirectly an exposure to liability from which the NIIA was intended to shelter them. *See, e.g.,* Kellen v. District Court, 98 Nev. 133, 642 P.2d 600 (1982) (employer and co-employee

insulated from contribution); Corrao Constr. Co. v. Curtis, 94 Nev. 569, 584 P.2d 1303 (1978) (employer insulated from contractual indemnity); Outboard Marine Corp. v. Schupbach, 93 Nev. 158, 561 P.2d 450 (1977) (employer insulated from implied indemnity). We similarly refuse to allow the respondent partners, co-employees of the plaintiff, to be exposed to an indirect liability by allowing suit against their partnership.

Our decision in this regard is not affected by the fact that in this instance we deal with a limited partnership. Such an organization is, after all, simply "a partnership," with the added feature that some, but never all, of the partners may limit their liability. *See* NRS 88.020. Nor are we persuaded that the fact that our statutes permit a partnership to be sued in its own name should affect the substantive rights at issue in the instant case. As other courts have observed, "common name" statutes were intended to provide a procedural convenience to litigants, not to affect the substantive rights, liabilities and duties of partners or partnerships. *See, e.g.,* Carlson v. Carlson, *supra;* Candler v. Hardware Dealers Mutual Ins. Co., *supra;* Thomas v. Industrial Commission, 10 N.W.2d 206, 210 (Wis. 1943).

Accordingly, we affirm the judgment of the court below.