JAMES HAERTEL, a Minor, by and Through His Mother, JEAN BORREGARD, as Next Friend, and JEAN BORREGARD, Individually, Appellants, v. THE SONSHINE CARPET COMPANY, CLARK COUNTY SCHOOL DISTRICT and DOW CHEMICAL COMPANY, Respondents.

No. 16299

June 30, 1988

757 P.2d 364

*Frank J. Cremen; Galatz, Earl & Catalano,* Las Vegas, for Appellants.

*Richard B. Parnell,* Las Vegas, for Respondent The Sonshine Carpet Company.

*Rawlings, Olson & Cannon,* Las Vegas, for Respondent Dow Chemical Company.

*Barker, Gillock, Koning, Brown & Earley* and *Janice J. Brown,* Las Vegas, for Respondent Clark County School District.

## OPINION ON REHEARING

*Per Curiam:*

This case originally involved an appeal from an order of the district court dismissing a civil action. Appellant Haertel, a minor, was employed as a laborer by respondent Sonshine. Sonshine entered into a joint venture with respondent Clark County School District (CCSD) and respondent Dow Chemical Co. (Dow) to repair and replace carpeting at various CCSD facilities. While performing his duties as a laborer, Haertel received serious injuries when he and a juvenile co-worker attempted to move a cabinet. Haertel filed a tort action against respondents, alleging that respondents had entered into a joint venture to repair and replace carpeting at various CCSD facilities, and that his injuries were caused by respondents' negligence. The district court dismissed Haertel's complaint, however, ruling that Haertel's exclusive remedy was worker's compensation.

Following oral argument on the matter, on December 23, 1986 we published an opinion in which we affirmed the dismissal of the complaint as to Sonshine, but reversed the portion of the district court's order dismissing Haertel's complaint against CCSD and Dow. Haertel v. Sonshine Carpet Co., 102 Nev. 614, 730 P.2d 428 (1986). In a petition for rehearing, Dow and CCSD claim that because this court determined Sonshine was immune from liability in tort due to the exclusive remedy provisions of the worker's compensation law, CCSD and Dow—as members of the joint venture—also cannot be held liable in tort for Haertel's injuries. CCSD and Dow further claim that our opinion in Watson v. G.C. Associates, Ltd., 100 Nev. 586, 691 P.2d 417 (1984), warrants this conclusion. We agree and modify that portion of our decision allowing Haertel's action to proceed against CCSD and Dow.

In *Watson,* we addressed the issue of common law liability of a partnership for injuries suffered by a worker in the course and scope of her employment. Watson, an employee of the Las Vegas Sun, received worker's compensation benefits for injuries suffered on the job. She then filed a complaint against G.C. Associates (G.C.), a limited partnership and owner of the building which housed the Las Vegas Sun. Specifically, Watson alleged that G.C., as landlord, had been negligent in maintaining the building and was therefore liable as a third party tortfeasor for her injuries. The district court granted G.C.'s motion for summary judgment on the ground that the general partners of the partnership were co-employees of Watson and therefore immune

from common law liability pursuant to the Nevada Industrial Insurance Act (NIIA), NRS 616.560.

On appeal, Watson conceded that the general partners were her co-employees and were therefore immune from suit. She contended, however, that *the partnership* could nevertheless be held liable for her injuries. We disagreed, stating:

> Under the act, the partnership is liable for loss or injury resulting from "any wrongful act or omission of any partner acting in the ordinary course of the business . . . to the same extent as the partner so acting or omitting to act . . ." (NRS 87.130) and all partners are liable "jointly and severally for everything chargeable to the partnership under NRS 87.130." NRS 87.150(1). To hold the partnership liable in this case would, therefore, necessarily be to hold the partners liable as well, despite the policy of the NIIA.
>
> Faced with a similar problem, the New York Court of Appeal held that a partnership was immune from liability for the tortious acts of a partner who was himself immune from liability. Caplan v. Caplan, 198 N.E. 23 (N.Y. 1935). The court noted that "[i]n the field of liability for torts [where liability is joint and several] it is especially apparent that a partnership cannot be regarded as an entity independent of the persons who compose it." *Id.* at 25. *See also* Belleson v. Skilbeck, 242 N.W. 1 (Minn. 1932) (no right of action remains against partnership when neither partner is liable). *Contra* Eule v. Eule Motor Sales, 170 A.2d 241 (N.J. 1961) (entity theory). In the field of workmen's compensation, it has been held, analogously, that where the partnership was immune as an employer under the act, a partner could not be liable for negligence in his capacity as a landlord. Williams v. Hartshorn, 69 N.E.2d 557 (N.Y. 1946). Other courts have similarly refused to allow suits against partners when the partnerships were immune under workmen's compensation statutes. [Citations omitted.]

100 Nev. at 589, 691 P.2d at 418-19. We agree with CCSD and Dow that *Watson* stands for the proposition that a partnership is immune from common law liability for the tortious acts of a partner who himself, by virtue of worker's compensation coverage, is immune from liability. Indeed, this is precisely the conclusion of a number of courts who have addressed this issue.

In Cook v. Peter Kiewit Sons Company, 386 P.2d 616 (Utah 1963), appellant Kiewit entered into a joint venture with Coker, another construction company, to construct a diversion tunnel at

the Flaming Gorge Dam in northeastern Utah. Cook, an employee of Coker, was injured when an explosive charge left in the tunnel accidentally detonated. Cook applied for and received workmen's compensation benefits for his injuries, and then instituted an action in tort against Kiewit. Kiewit filed a motion for summary judgment contending that Cook's sole remedy was workmen's compensation. The trial court denied the motion. The Supreme Court of Utah reversed, noting,

> It is not disputed that this was a joint venture by which the plaintiff's employer, Coker, and Kiewit agreed to join together in constructing this tunnel and to share profits or losses in the enterprise. Being so united for a common purpose for mutual profit, these companies became partners in the venture just the same as if two individuals had entered into it, and whatever one company and its employees did in furthering the project would inure to the benefit of the other. Accordingly, it would seem that *Coker's act in paying premiums for workmen's compensation to protect itself against loss should also redound to the benefit of Kiewit and vice versa.*

*Id.* at 617-18 (emphasis added).

Similarly, in Felder v. Old Falls Sanitation Co., Inc., 366 N.Y.S.2d 687 (N.Y.App.Div. 1975), a fourteen-year-old boy was severely injured while working illegally as a driver's helper on a garbage truck owned by Old Falls. Old Falls was, in turn, engaged in a joint venture with two other sanitation companies (Town and Mountaindale) to collect refuse in a specified area. After being injured, the boy filed a tort action against Old Falls, Town and Ruderman, the corporate secretary for both Town and Old Falls. The trial court granted summary judgment in favor of Town and Ruderman, holding that the plaintiff's only remedy against those defendants was worker's compensation. However, the trial court also granted the plaintiff's motion for summary judgment on the issue of Old Falls' liability and ordered a trial on the issue of damages. In reversing the summary judgment entered against Old Falls, the appellate division stated:

> Since Old Falls was a participant in joint venture with Town, plaintiff is limited to his compensation remedy against each of these defendants which are both insulated from tort liability by . . . the Workmen's Compensation Law. [Citation omitted.]

*Id.* at 689.

In Connor v. El Paso Natural Gas Co., 599 P.2d 247 (Ariz. Ct.App. 1979), Connor's husband was killed in a mine explosion. After receiving worker's compensation benefits, Connor

filed a wrongful death action against the mining company (Hecla) and El Paso, Hecla's joint venturer. Hecla and El Paso moved for summary judgment, contending that Connor's action was barred by the exclusive remedy provision of the worker's compensation laws. Summary judgment was granted to both Hecla and El Paso. On appeal, Connor claimed that the trial court erred in granted El Paso's motion for summary judgment because the decedent was employed only by Hecla. The Arizona Court of Appeals disagreed, stating:

> For purposes of workmen's compensation, each individual joint venturer is the employer of all employees during work on behalf of the joint venture . . . and each enjoys the exclusive remedy provisions. [Citations omitted.]

*Id.* at 249. *See also* Boatman v. George Hyman Const. Co., 276 S.E.2d 272 (Ga.Ct.App. 1981); Guilbeau v. Liberty Mutual Insurance Company, 324 So.2d 571 (La.Ct.App. 1975) *modified,* 338 So.2d 600 (La. 1976); Lewis v. Gardner Engineering Corp., 491 S.W.2d 778 (Ark. 1973); Fallone v. Misericordia Hospital, 259 N.Y.S.2d 947 (N.Y.App.Div. 1965), *aff'd,* 269 N.Y.S.2d 431 (N.Y. 1966).

In the instant case, it is undisputed that CCSD, Dow and Sonshine were joint venturers. It is also undisputed that Sonshine was enrolled in the State Industrial Insurance System. Because Sonshine is—by virtue of worker's compensation coverage—immune from common law liability (*see* NRS 616.370), *Watson* controls, and CCSD and Dow as joint venturers are likewise immune from suit by Haertel. A contrary ruling appears not only to counter the policy of the NIIA, but implies that in order to provide worker's compensation as an employee's exclusive remedy, each and every partner or joint venturer would have to obtain worker's compensation insurance to cover the same employees. This would be an unnecessary duplication of costs. Furthermore, consonant with the principle of shared liability of joint venturers for their acts (*see* NRS 87.150, 87.130), we conclude that it is likewise equitable that, where a joint venturer has paid premiums for workmen's compensation to protect itself against loss, the benefit of the protection should also accrue to the other joint venturers.

Accordingly, we modify that portion of the *Haertel* opinion which previously allowed Haertel to pursue his tort claim against CCSD and Dow.