145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen L. ASAY, as guardian ad litem for Brandon Asay, a
minor child, and Thomas Asay, a minor child,
Plaintiff-Appellant,
v.
Jack STONE aka Stone Brothers Nevada Machinery aka Stone
Brothers Welding; Stone Brothers Nevada Machinery,
Defendant-Appellee
 No. 97-16508.
D.C. No. CV-95-0659-ECR.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1998**.
Decided May 19, 1998.
 
 Appeal from the United States District Court for the District of Nevada Edward C. Reed, Jr., District Judge, Presiding.
 Before LAY,*** KOZINSKI and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Both parties agree that Ledcor was a licensed contractor and is therefore the statutory employer of any independent contractor or subcontractor which it employed to provide services under its contract with Newmont Gold Company. Thus, the only question before us is whether Stone Brothers acted as either a subcontractor or independent contractor on the project.
 
 
 3
 Ledcor leased the rock screening equipment from Stone Brothers. After Stone Brothers delivered this equipment, Ledcor determined that site-specific modifications were needed to make it operable. Ledcor then contracted with Stone Brothers to send a welder to the mine site to make the needed modifications. Under this contract, Ledcor agreed to pay Stone Brothers an hourly rate for the welder's services, and to pay for any materials supplied by Stone Brothers. This contract for welding services was not part of the rental agreement for the rock screening equipment; it was, instead, a separate and distinct contract for welding services needed to effectuate Ledcor's purpose of activating the grizzly.
 
 
 4
 Ledcor's contract with Stone Brothers for welding services gave rise to a contractor/subcontractor relationship. See Nev.Rev.Stat. §§ 616A.210, 616A.285. Stone Brothers, as the subcontractor and thus a statutory employee of Ledcor, is immune from suit. See Howard v. Eighth Judicial Dist. Court, 98 Nev. 87, 640 P.2d 1320, 1322 (Nev.1982); Stolte, Inc. v. Eighth Judicial Dist. Court, 89 Nev. 257, 510 P.2d 870, 872 (Nev.1973); Cardenas vda de Aragonez v. Taylor Steel Co., 85 Nev. 718, 462 P.2d 754, 756 (Nev.1969); Nev.Rev.Stat. § 616C.215.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3